**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TREVOR A. YOUNG,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 5:26-cv-02739-JDW** |
| | : | |
| **LANCASTER COUNTY PRISON, *et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

AND NOW, this 15th day of October, 2026, upon consideration of Trevor A. Young's Motion To Proceed *In Forma Pauperis* (ECF No. 1), for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.

It is **FURTHER ORDERED** that Trevor A. Young, #20240000157, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. I direct the Warden of Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Young's inmate account; or (b) the average monthly balance in Mr. Young's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Mr. Young's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited

to Mr. Young's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

The Clerk of Court shall send a copy of this Order to the Warden of Lancaster County Prison.

It is **FURTHER ORDERED** that the Complaint is **DEEMED** filed.

It is **FURTHER ORDERED** that, for the reasons stated in the accompanying Memorandum, all claims against Defendant W. Caine and all claims alleged individually against Defendant Warden Cheryl Steberger related to Mr. Young's allegations against Officer Caine are **SEVERED** from this civil action into a separate lawsuit, as follows:

a. The Clerk of Court shall open a new civil action using a copy of this Order and accompanying Memorandum and a copy of the Complaint in this instant case (ECF No. 3);

b. The new civil action shall name Trevor A. Young as the Plaintiff and shall name as Defendants W. Caine and Warden Cheryl Steberger;

c. The Clerk of Court shall assign the new civil action in accordance with applicable Court procedures;

d. Mr. Young must either pay the fees or seek leave to proceed *in forma pauperis* to proceed in the new civil action; and

e. The new civil action may be subject to additional screening pursuant to 28 U.S.C. § 1915(e) and/or § 1915A.

It is **FURTHER ORDERED** that Mr. Young's Complaint is **DISMISSED WITH PREJUDICE IN PART** and **DISMISSED WITHOUT PREJUDICE IN PART** for the reasons stated in the accompanying Memorandum, as follows:

a. Claims alleged against Lancaster County Prison and the claim against Warden Steberger concerning grievances are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

b. Claims alleged against Warden Steberger alleged in her official capacity, and those alleged in her individual capacity with respect to water, health care treatment, and food service/assault, and those against Prime Care are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

It is **FURTHER ORDERED** that the Clerk of Court shall send Mr. Young one blank copy of the Court's form complaint for a prisoner filing a civil rights action, bearing the above civil action number. Mr. Young may use the form to file an amended complaint if he chooses to do so.

It is **FURTHER ORDERED** that Mr. Young's "Motion for Production and Preservation of Records, and Motion to Amend Complaint" (ECF No. 5) is **DENIED WITHOUT PREJUDICE**.

It is **FURTHER ORDERED** that, in light of Mr. Young's Letter (ECF No. 6), the Clerk of Court shall send Mr. Young two blank copies of the Court's form complaint for a prisoner filing a civil rights action that do **not** contain the civil number for this case.

It is **FURTHER ORDERED** that, if Mr. Young seeks to file an Amended Complaint, he must do so on or before November 13, 2026. Any amended complaint must take into account the issues set forth in the accompanying Memorandum, identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, and state the basis for Mr. Young's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. **This means that if Mr. Young files an amended complaint, he must reallege the Eighth Amendment claim for deliberate indifference alleged against Warden Steberger, which I did not dismiss, including all supporting factual allegations, or I will deem him to have abandoned those claims**. Mr. Young shall not include claims that are assigned to the severed lawsuit; if he does so, I will dismiss them. Upon the filing of an amended complaint, the Clerk shall not make service until I so Order.

If Mr. Young does not file an amended complaint, then I ]will direct service of his initial Complaint on Warden Steberger. Mr. Young may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint. If he files such a notice, Mr. Young must include the case number for this case, 26-2739.

The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case, if summonses are issued.

**BY THE COURT:**

*/s/ Joshua D. Wolson*

**JOSHUA D. WOLSON, J.**